UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
                                                                : 
PAUL MARTINEZ,                                                  : 07 Civ. 1942 (WCC/GAY)
                                                                :
       Plaintiff,                                               :
                                                                :
  - against -                                                  : ANSWER
                                                                :
COMMUNICATIONS WORKERS OF AMERICA, LOCOL       :
1120, AFL-CIO; GLENN A. CARTER AS PRESIDENT OF :
THE COMMUNICATIONS WORKERS OF AMERICA LOCAL :
1120, AFL-CIO; PM SAVVY FLEET SERVICE, INC.,    :
KEVIN B. PETERS and JOHN DOE,                   :
                                                                :
       Defendants.                                              :
                                                                :
--------------------------------------------------------------------------------x

RULE 7.1 DISCLOSURE

      Amy S. Young, attorney for defendants Local 1120 of the Communications Workers of America, AFL-CIO and Glenn Carter, certifies that, pursuant to Rule 7.1 of the Local Civil Rules for the Southern and Eastern Districts of New York, that the following entities are corporate or other parents, subsidiaries, or affiliates of that party, securities or other interests which are publicly held:

NONE

Dated: New York, New York
      May 10, 2007

                                                                  Respectfully submitted,

                                                                 By:_____
                                                                    Amy S. Young (AY 5547)
                                                          CWA Legal Department
                                                          Attorneys for Defendants
                                                             Local 1120 and Glenn Carter
                                                          275 Seventh Avenue, Suite 2300
                                                          New York, New York 10001
                                                          (212) 419-1550 (voice)
                                                          (212) 419-1555 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
                                                                :
PAUL MARTINEZ,                                                  :    07 Civ. 1942 (WCC/GAY)
                                                                :
       Plaintiff,                                              :
                                                                :
  - against -                                                  :    ANSWER
                                                                :
COMMUNICATIONS WORKERS OF AMERICA, LOCOL         :
1120, AFL-CIO; GLENN A. CARTER AS PRESIDENT OF   :
THE COMMUNICATIONS WORKERS OF AMERICA LOCAL      :
1120, AFL-CIO; PM SAVVY FLEET SERVICE, INC.,     :
KEVIN B. PETERS and JOHN DOE,                    :
                                                                :
       Defendants.                                             :
                                                                :
--------------------------------------------------------------------------------x

       Defendants Local 1103 of the Communications Workers of America, AFL-CIO ("Local 1103") and Glenn Carter, by their attorney, Amy S. Young, Esq., in answer to plaintiff's Complaint, respectfully:

       1.     Admit, on information and belief, the allegations contained in paragraph 1.

       2.     Admit, on information and belief, the allegations contained in paragraph 2.

       3.     Admit the allegations contained in paragraph 3.

       4.     Deny the allegations contained in paragraph 4 and aver that Local 1120 is an unincorporated association has its office at 157 Van Wagner Road, Poughkeepsie, New York, 12603.

       5.     Admit the allegations contained in paragraph 5.

6. Deny the allegations contained in paragraph 6 but aver that Carter maintains an office at 157 Van Wagner Road, Poughkeepsie, New York 12603 and that Carter functions as president of Local 1120 pursuant to its bylaws.

7. No response is required to paragraph 7 as it states a legal position. Insofar as a response is required, the allegations are denied.

8. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Admit, on information and belief, the allegations contained in paragraph 9.

10. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations contained in paragraph 10.

11. No response is required to paragraph 11 as it states a legal position. Insofar as a response is required, the allegations are denied.

12. Admit, on information and belief, the allegations contained in paragraph 12.

13. Defendants Local 1120 and Carter lack information sufficient to admit or deny the allegations contained in paragraph 13, but aver that Local 1120 addresses communications to Defendant Kevin B. Peters to 173-12 Horace Harding Expressway, Fresh Meadows, New York 11365.

14. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations of paragraph 14.

15. No response is required to paragraph 15 as it states a legal position. Insofar as a response is required, the allegations are denied

16. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations of paragraph 16.

17. No response is required to paragraph 17 as it states a legal position. Insofar as a response is required, the allegations are denied.

18. No response is required to paragraph 18 as it states a legal position. Insofar as a response is required, the allegations are denied.

19. No response is required to paragraph 19 as it states a legal position. Insofar as a response is required, the allegations are denied.

20. Deny the allegations contained in paragraph 20 and aver that Local 1120 is an unincorporated association with an office in Poughkeepsie, New York.

21. No response is required to paragraph 21 as it states a legal position. Insofar as a response is required, the allegations are denied.

22. Deny the allegations contained in paragraph 22.

23. Admit the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Admit, upon information and belief, the allegations contained in paragraph 26.

27. Admit, upon information and belief, the allegations contained in paragraph 27.

28. Admit, upon information and belief, the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29 and aver that the Communications Workers of America, AFL-CIO ("National Union") is the exclusive collective bargaining representative for employees employed by P.M. Savvy as set forth in Article 1 of the May 1,

2005 to April 30, 2009 collective bargaining agreement between P.M. Savvy and the National Union. (Exhibit 1 to Complaint, hereinafter "Collective Bargaining Agreement.")

30. Deny the allegations contained in paragraph 30 and aver that Local 1120 is the Local Union representative, as the term "Local Union" is defined in the Collective Bargaining Agreement, of employees employed by P.M. Savvy as set forth in Articles 1 and 2 of the Collective Bargaining Agreement.

31. Deny the allegations contained in paragraph 31 and refer to the Collective Bargaining Agreement for the language and definitions contained therein.

32. Deny the allegations contained in paragraph 32.

33. Admit the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34 and aver that Plaintiff, while employed by Defendant P.M. Savvy, was a member of the bargaining unit represented by Local 1120 as the Local Union, as that term is defined by the Collective Bargaining Agreement, and the National Union as provided by the Collective Bargaining Agreement.

35. Deny the allegations contained in paragraph 35 and aver that the Collective Bargaining Agreement is between Defendant P.M. Savvy and the National Union.

36. Deny the allegations contained in paragraph 36 and refer to the Collective Bargaining Agreement for the terms of representation contained therein.

37. Admit, upon information and belief, the allegations contained in paragraph 37.

38. Admit, upon information and belief, the allegations contained in paragraph 38.

39. Admit the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations of paragraph 42.

43. Admit the allegations of paragraph 43 and aver that the National Union intends to arbitrate whether Defendant P.M. Savvy had just cause to discharge Plaintiff using this and other arguments.

44. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations of paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

47. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations of paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. No response is required to paragraph 50 as it states a legal position. Insofar as a response is required, the allegations are denied.

51. No response is required to paragraph 51 as it states a legal position. Insofar as a response is required, the allegations are denied.

52. Deny the allegations contained in paragraph 52.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54 and aver that Plaintiff was a member of a bargaining unit represented by Local 1120, as the Local Union (a term defined in the Collective Bargaining Agreement), during his employment at P.M. Savvy.

55. Admit the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56 and aver that Local 1120 filed a grievance on behalf of Plaintiff.

57. Deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

61. Deny the allegations contained in paragraph 61.

62. Deny the allegations contained in paragraph 62.

63. Deny the allegations contained in paragraph 63.

64. Deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65.

66. Deny the allegations contained in paragraph 66.

67. Deny the allegations contained in paragraph 67.

68. No response is required to paragraph 68 as it states a legal position. Insofar as a response is required, the allegations are denied.

69. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations contained in paragraph 69.

70. No response is required to paragraph 70 as it states a legal position. Insofar as a response is required, the allegations are denied.

71. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations contained in paragraph 71.

72. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations contained in paragraph 72.

73. No response is required to paragraph 73 as it states a legal position. Insofar as a response is required, the allegations are denied.

74. No response is required to paragraph 74 as it states a legal position. Insofar as a response is required, the allegations are denied.

75. Deny the allegations contained in paragraph 75 to the extent the allegations are intended to refer to Local 1120 and/or Carter.

76. Deny the allegations contained in paragraph 76.

77. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations contained in paragraph 77 and refer to Article 30.02 for the information contained therein.

78. Defendants Local 1120 and Carter lack information sufficient to form a belief as to the allegations contained in paragraph 78 and refer to Article 30.02 for the information contained therein.

79. No response is required to paragraph 79 as it states a legal position. Insofar as a response is required, the allegations are denied.

80. Deny the allegations contained in paragraph 80 to the extent the allegations are intended to refer to Local 1120 and/or Carter.

81. Deny the allegations contained in paragraph 81 to the extent the allegations are intended to refer to Local 1120 and/or Carter.

82. Deny the allegations contained in paragraph 82 to the extent the allegations are intended to refer to Local 1120 and/or Carter.

## FIRST AFFIRMATIVE DEFENSE

83. Plaintiff failed to exhaust the grievance procedure and/or internal union remedies before commencing this action.

## SECOND AFFIRMATIVE DEFENSE

84. Plaintiff fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

85. Plaintiff claim(s) are barred by the statute of limitations.

WHEREFORE, Defendants Local 1120 and Glenn Carter respectfully request entry of judgment (i) dismissing the Complaint in its entirety with prejudice; (ii) awarding Defendants Local 1120 and Glenn Carter their costs, disbursements, expenses, and attorney's fees; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     May 10, 2007

                                          Respectfully submitted,

                                          By:_____
                                              Amy S. Young (AY 5547)
                                         CWA Legal Department
                                         Attorneys for Defendants
                                            Local 1120 and Glenn Carter
                                         275 Seventh Avenue, Suite 2300
                                         New York, New York 10001
                                         (212) 419-1550 (voice)
                                         (212) 419-1555 (facsimile)